## STATE EX REL. JOHN BRUCE MORRISSEY v. JAMES ALEXANDER.

146 N. W. (2d) 610.

November 18, 1966—No. 39,712.

*Robert E. McGarry,* for appellant.

*Robert W. Mattson,* Attorney General, *Gerard W. Snell,* Solicitor General, and *Linus J. Hammond,* Assistant Attorney General, for respondent, commissioner of corrections.

PER CURIAM.

This is an appeal from an order discharging a writ of habeas corpus.

Petitioner was arrested in Minneapolis, Minnesota, on February 21, 1962, by members of the narcotics squad of the Minneapolis Police Department for illegal possession of narcotics. After his arrest he consented to a search of his apartment, where more narcotics were found. On February 28 he was arraigned in the District Court of Hennepin County on an information charging him with unlawful possession of narcotics and entered a plea of not guilty. On March 1, 1962, he appeared with his court-appointed attorney, withdrew his not guilty plea, and entered a plea of guilty. He also acknowledged and pleaded guilty to a previous conviction for burglary. He reappeared before the court on March 28 with his attorney. After an examination by his attorney and the court, at which time his legal rights were fully explained to him, he was asked by the court if there was anything he would like to say and he answered, "No." He was then sentenced to the State Prison.

On August 16, 1963, by order of this court an attorney was appointed to represent the petitioner, and he petitioned for a writ of habeas corpus. At the hearing on the petition petitioner was present and represented by his counsel. On October 6, 1964, the trial court discharged the writ.

It would appear that petitioner is now claiming that he was entrapped into committing the offense to which he pleaded guilty on March 1, 1962; that his attorney was not conversant with the law of entrapment and did

not properly advise him that he had such a defense; and that if he had been properly advised he would not have pleaded guilty to the charge.

We have reviewed all of the proceedings before the trial court prior to sentencing and also the record of the proceedings in connection with the petition for a writ of habeas corpus and the memorandum attached to the order denying the writ. It will serve no useful purpose to set it all out in detail here. We are satisfied that the claims that petitioner was entrapped and that he was not properly represented or advised by his attorney are both without merit. The court, in discharging the writ, summarized the situation in his memorandum as follows:

"* * * [T]he record of his examination by the trial court before sentencing discloses that petitioner not only had a supply of narcotics for the moral squad officer, but additional narcotics at his home for sale purposes to others than the officer. Had the narcotics in his possession been limited to what he had on his person at the time of his arrest, then there would be some merit to his claim of entrapment. His possession for sale of additional narcotics at his home destroyed his claim of entrapment."

It is our opinion that the order appealed from should be affirmed.
Affirmed.